IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BECKY CAMPBELL, as Power of )
Attorney of ROBERT CAMPBELL, )
an incapacitated person, )
 )
        Plaintiff, )
 )
vs. )
 )  No. 05-2589 Ml/P
MANOR CARE, INC. f/k/a HCR )
MANOR CARE, INC.; HEALTH CARE )
RETIREMENT CORPORATION; HEALTH )
CARE AND RETIREMENT )
CORPORATION OF AMERICA d/b/a )
HEARTLAND OF MEMPHIS (n/k/a )
ATRIUM OF MEMPHIS); ORION )
MEMPHIS, LLC d/b/a ATRIUM OF )
MEMPHIS; ORION CARE SERVICES, )
LLC; ESSEX HEALTHCARE )
CORPORATION; MICHAEL MCCANN, )
in his capacity as )
Administrator of Atrium of )
Memphis; CRYSTAL MARCH, in her )
capacity as Administrator of )
Atrium of Memphis; ROBERT )
CRAFT, in his capacity as )
Administrator of Atrium of )
Memphis; and JOHN DOES 1 )
through 10, )
 )
        Defendants. )

ORDER DENYING DEFENDANTS' MOTION TO STAY REQUIREMENT TO RESPOND
TO PLAINTIFF'S COMPLAINT PENDING DETERMINATION OF MOTION TO
REMAND

Before the court is a Motion to Stay Requirement to Respond to

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-19-05



Plaintiff's Complaint Pending Determination of Motion to Remand, filed by defendants Orion Memphis, LLC d/b/a Atrium of Memphis, Orion Care Services LLC, Essex Healthcare Corporation, Crystal March, and Robert Craft (collectively "Orion Defendants") on September 20, 2005 (dkt #16). Plaintiff filed her response on October 5, 2005. For the reasons below, the motion is DENIED.

## I. BACKGROUND

Since 2003, Robert Campbell has resided at Atrium of Memphis ("Atrium"), a nursing facility located in Memphis, Tennessee. According to Campbell, while residing at Atrium, he has suffered from dehydration, urinary tract infections, sepsis, multiple pressure ulcers, malnutrition, and contractures as a result of the defendants' negligence. On July 14, 2005, Campbell, by and through Becky Campbell, filed a complaint against the defendants in the Circuit Court of Tennessee, alleging negligence and violations of the Tennessee Adult Protection Act, Tenn. Code Ann. § 71-6-101 et seq. On August 15, 2005, the defendants removed this case to federal court. On September 2, this court granted the Orion Defendants' motion for extension of time to respond to the complaint (until September 21, 2005). On September 7, 2005, Campbell filed a motion to remand this case back to state court. In the present motion, filed on September 20, 2005, the Orion Defendants ask the court to stay the requirement that they file a response to Campbell's complaint until the trial court has ruled on

Campbell's motion to remand.

## II. ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis et al. v. North American Co., 299 U.S. 248, 254 (1936). The decision to stay proceedings is within the court's discretion. See Nichols v. Baptist Memorial Hosp., No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004)(unpublished). "In the exercise of that discretion, the Court must weigh and maintain an even balance among competing benefits and hardships." Wilson v. Unum Life Ins. Co. of America, No. 03-0070, 2004 U.S. Dist. LEXIS 24454, at *9 (M.D. Tenn. Jan. 22, 2004) (unpublished) (citing Landis, 299 U.S. at 258-59).

The court concludes that the Orion Defendants have not sufficiently demonstrated that a stay is appropriate. A stay of the requirement of serving a responsive pleading would not promote judicial economy, and proceeding with this litigation while the motion to remand is pending would not, as the Orion Defendants contend, be a waste of the court's and parties' time and resources. Even if the plaintiff's motion to remand is granted, the defendants would still have to respond to the complaint and engage in discovery in state court. Defendants have already been given an extension of time to respond to the complaint by the court, and any

further delays may prejudice the plaintiff. There is also no indication that the defendants would be injured absent a stay. See Landis, 299 U.S. at 255.

### III. CONCLUSION

For the reasons above, Defendants' motion to stay is DENIED. The Orion Defendants are hereby ORDERED to respond to the complaint within eleven (11) days from the date of this order.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

October 19, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 2:05-CV-02589 was distributed by fax, mail, or direct printing on October 19, 2005 to the parties listed.

---

Marc A. Sorin
LAW OFFICE OF REBECCA ADELMAN, PLC
545 S. Main St.
Ste. 101
Memphis, TN 38103

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Rebecca Adelman
LAW AND MEDIATION OFFICE OF REBECCA ADELMAN
545 S. Main St.
Ste. 111
Memphis, TN 38103

Jonathan W. McCrary
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

John B. Burgess
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Honorable Jon McCalla
US DISTRICT COURT