IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BECKY CAMPBELL as Power of Attorney for ROBERT CAMPBELL, an incapacitated person | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-2589 Ml/P |
| MANOR CARE, INC., f/k/a HCR MANOR CARE INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand, filed September 8, 2005. Plaintiff initially filed a complaint in this case on July 14, 2005, in the Circuit Court of Shelby County, Tennessee. On August 15, 2005, Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441 based upon the asserted diversity of citizenship of the proper parties to this action. Plaintiff moved to remand, and Defendants responded in opposition on September 26, 2005.[1] For the following reasons, Plaintiff's motion is GRANTED.

Plaintiff's claim alleges negligence, gross negligence, violations of the Tennessee Medical Malpractice Act, Tenn. Code

---

[1] Defendants' Motion to Submit Supporting Memorandum Exceeding Twenty Pages in Length is GRANTED.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _11-18-05_



Ann. § 29-26-115 et seq., and violations of the Tennessee Adult Protection Act ("TAPA"), Tenn. Code Ann. § 71-6-101 et seq., at Atrium of Memphis, a facility owned, operated, and managed by Defendants.  Plaintiff also brought claims of negligence and violations of TAPA against Defendants March and Craft, as administrators of Atrium of Memphis during Ronald Campbell's residency.  The complaint asserts no claims under federal law.  Both Plaintiff and Defendants March and Craft are residents of Tennessee.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . ."  Under § 1441(b), a defendant may remove an action from state court to federal district court on the basis of diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  In addition, Defendants must establish that complete diversity existed at the time of removal, such that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."  SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989); Strawbridge v. Curtiss, 7 U.S. 267 (1806).  On the face of the complaint, diversity of citizenship is

lacking in this case. However, Defendants contend that removal was proper because Defendants Craft and March, Tennessee residents whose presence would defeat diversity, were fraudulently joined as defendants.

Under Sixth Circuit law, in order to prove fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999)(citing Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 949 (6th Cir. 1994)). Remand is required "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants." Id. In addition, "statutes conferring removal jurisdiction are . . . construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999)(citation omitted); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Doubts about removal therefore "should be resolved in favor of remand to the state courts." Brierly, 184 F.3d at 534.

Defendants admit that Defendants Craft and March are citizens of the State of Tennessee. However, they assert that "no claim [exists] under the laws of the State of Tennessee upon which individual liability" can be asserted against Defendants Craft and

March as employees or agents or Orion Memphis, LLC. (Notice of Removal 2.)

Plaintiff alleges that Defendants Craft and March owe statutory and common law duties of care to nursing home patients as administrators of nursing homes and that Tenn. Code Ann. § 68-11-801 et seq. and 63-16-101 et seq. establish the required standard of conduct for nursing home administrators. Plaintiff contends that Defendants Craft and March breached that duty of care.

Tennessee courts have not conclusively addressed whether nursing home administrators owe a duty of care to their patients. Resolving ambiguities in controlling state law in favor of the non-moving party, there is a "reasonable basis for predicting that the state law might impose liability on the facts involved." See Alexander, 13 F.3d 949. Every other judge in this district has held that claims against nursing home administrators state a colorable claim sufficient to require remand to state court. Nat Barkley v. Kindred Healthcare, Inc., No. 04-1344 (W.D. Tenn. April 18, 2005); Petties v. Kindred Healthcare, Inc., No. 04-2996 (W.D. Tenn. April 25, 2005); Shoemake v. Kindred Nursing Centers Limited Partnership, No. 04-2835 (W.D. Tenn. June 1, 2005); Daisy McKinney v. Kindred Healthcare, Inc., No. 05-0222 (W.D. Tenn. June 8, 2005). We adopt the rationale of the other judges in this district and find that remand is required.[2]

---

[2] Plaintiff also contends that the presence of Defendant Orion Memphis, LLC in this case defeats diversity because it is a

Accordingly, Plaintiff's motion to remand is GRANTED. All other pending motions in this case are hereby DENIED as moot.

SO ORDERED this __17__ day of November, 2005.

                        /s/ Jon P. McCalla
                        JON P. McCALLA
                        UNITED STATES DISTRICT JUDGE

---

citizen of Tennessee as its principal place of business is Tennessee. The Court will not address this argument here as it has already resolved the issue of remand based on the presence of Defendants Craft and March.



# Notice of Distribution

This notice confirms a copy of the document docketed as number 57 in case 2:05-CV-02589 was distributed by fax, mail, or direct printing on November 18, 2005 to the parties listed.

---

Marc A. Sorin
LAW OFFICE OF REBECCA ADELMAN, PLC
545 S. Main St.
Ste. 101
Memphis, TN 38103

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

John B. Burgess
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Rebecca Adelman
LAW AND MEDIATION OFFICE OF REBECCA ADELMAN
545 S. Main St.
Ste. 111
Memphis, TN 38103

Courtney S Schuyler
MCNABB BRAGORGOS & BURGESS PLLC
81 Monroe Ave
6th Floor
Memphis, TN 38103

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Jonathan W. McCrary
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Honorable Jon McCalla
US DISTRICT COURT